# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1285V
Filed: February 3, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

ALFRED ALTMILLER,

   Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

   Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Dismissal; Zostavax; Shingles Vaccine; Vaccine Not Covered by Program; Insufficient Proof; Failure to Prosecute; Failure to Follow Court Orders; Special Processing Unit ("SPU")

Alfred Altmiller, Pro Se, Denton, TX, petitioner.
Lisa Watts, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

  On October 29, 2015, Mr. Altmiller filed a *pro se* petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition claims that Mr. Altmiller suffered a rash and neuropathy as a result of his Zostavax shingles vaccine. Medical records filed with the petition place the onset of Mr. Altmiller's injury in 2008 at the latest.

  On November 4, 2015, the undersigned issued an Order to Show Cause informing petitioner that the Zostavax (shingles) vaccine is not covered under the Program. The Order to Show Cause also informed petitioner that for vaccines

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

administered after October 1, 1988, "no petition may be brought under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset." *See* §16(a)(2).

The order afforded petitioner 30 days, until December 4, 2015, to amend the petition or otherwise show cause why the petition should not be dismissed. It also provided petitioner with information on how to voluntarily exit the Vaccine Program, if he desired. The order concluded by informing petitioner that non-compliance would be interpreted as either a failure to prosecute the claim or as an inability to provide necessary support for the claim. The petition would be dismissed in either event.

On November 10, 2015, petitioner contacted the staff attorney managing this case and requested further explanation of the Order to Show Cause. (*See* Memorandum, 11/12/2015, ECF No. 7.) The staff attorney explained that petitioner needed to file a new petition with additional allegations if he wished to proceed. (*Id*.)

On December 3, 2015, petitioner again contacted the staff attorney managing this case. Unable to reach respondent's counsel, the staff attorney indicated he would return the call when both parties could be on the line. (*See* Informal Communication, 12/3/15.)

On December 7, 2015, the parties jointly contacted the staff attorney managing this case. (*See* Scheduling Order, 12/7/15, ECF No. 9.) Petitioner indicated that he had retained counsel and thus his deadline to respond to the Order to Show Cause was extended 45 days to January 21, 2016. (*Id*.) Petitioner was again reminded that failure to submit an amended pleading alleging injury from a Program-covered vaccine would result in dismissal of his claim. (*Id*.)

On December 16, 2015, petitioner contacted the staff attorney managing this case to indicate that the attorney he referenced during the prior telephone call had actually declined to take his case. (*See* Memorandum, 12/17/15, ECF No. 10.) The staff attorney managing the case again explained to petitioner that the order to show cause required petitioner to come forward, to the extent possible, with a response that raised allegations meeting the requirements of the vaccine program. (*Id*., p. 2.) The staff attorney reminded petitioner that he had until January 21, 2016, to respond to the court's order to show cause. (*Id*.)

Petitioner never submitted any response to the court's order to show cause.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table [the "Table"]. *See* §11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Such vaccines are designated in the Table. *See* 42 C.F.R. §100.3 (2011). Zostavax does not appear in the Table and is therefore not covered by

the Program. Unlike the varicella vaccine routinely administered to children, Zostavax is for immunization against varicella zoster (shingles) and is only administered to adults.[3]

Previous petitions seeking compensation for injury resulting from the shingles vaccine have been dismissed. *See, e.g.*, *Scanlon v. Sec'y of HHS*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of HHS*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/44 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); *Doe/47 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).

Moreover, for vaccines administered after October 1, 1988, "no petition may be brought under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset." *See* §16(a)(2). However, medical records filed with the petition place the onset of petitioner's injury in either 2007 or 2008, or about 7 to 8 years prior to the filing of this claim. (*See* Petition, ECF No. 1, pp. 3-4.)

It is petitioner's duty to prosecute his claim and comply with court orders. Failure to execute this duty risks dismissal of the petition. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). The show cause order clearly informed petitioner that dismissal would result if he did not file an amended petition alleging injury from a Program-covered vaccine or otherwise explain why his petition should not be dismissed. The petitioner has had 90 days to comply with the order. Petitioner neither filed an amended petition nor explained why his petition should not be dismissed.

Petitioner has failed to demonstrate either that he received a vaccine covered under the Vaccine Program or that his claim was timely filed. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

s/Nora Beth Dorsey

_____

Nora Beth Dorsey
Chief Special Master

---

[3] *See* Zostavax official website at www.zostavax.com ("Zostavax is a vaccine used for adults 50 years of age or older to prevent Shingles (also known as zoster).").